UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> JAMESON BLANGIARDO individually and d/b/a MODERN NOBILITY and d/b/a JECTRONICS and 1620 ELECTRONICS CORP., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 14-cv-10238-IT <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

ORDER

October 22, 2014

TALWANI, D.J.

The parties in this case seek judicial approval of a draft stipulated <u>Final Judgment and Permanent Injunction Against Defendants 1620 Electronics and Jameson Blangiardo individually and d/b/a Jectronics and d/b/a/ Modern Nobility</u> [#34-1].

The proposed final judgment includes legal conclusions regarding Plaintiffs' trademark rights and Plaintiffs' contractual rights as to "each of its customers." Moreover, it permanently enjoins Defendants from engaging in certain behaviors and retains the court's jurisdiction to enforce this injunction indefinitely.

Prior to submitting the draft stipulated final judgment, Defendant Jameson Blangiardo had answered the Plaintiffs' original complaint, denying each count alleged against him.[1] The Plaintiffs subsequently filed an Amended Complaint, and Defendants had not yet responded to

---

[1] <u>See</u> Answer Def. Jameson Blangiardo [#13].

the Amended Complaint.[2]  Given the record's current state of development, the court has no ability to independently assess the merits of the conclusions set forth in the proposed final judgment.  Accordingly, the court is wary of permanently retaining jurisdiction to monitor Defendants' compliance with the relief ordered therein.  See Iverson v. Braintree Prop. Assocs., L.P., No. 04cv12079-NG, 2008 WL 552652, *5-6 (D. Mass. Feb. 26, 2008) (refusing to retain jurisdiction over a private settlement agreement where the court had "not been asked to rule on the bona fides of the agreement, and . . . [had] no basis on which to do so"); see also United States v. Mass. Water Res. Authority, 256 F.3d 36, 50 n.15 (1st Cir. 2001) (listing prerequisites for the issuance of a permanent injunction, including that "the plaintiff has demonstrated actual success on the merits of its claims").

The court hereby orders that the parties shall, by November 18, 2014, submit a brief identifying the court's legal authority to enter findings and retain jurisdiction to monitor a permanent injunction predicated on legal and factual conclusions that the court has not independently assessed.  In the alternative, the parties may submit a modified stipulated final judgment or notification of a private settlement agreement that does not require the court's continuing jurisdiction.

    IT IS SO ORDERED.

Date: October 22, 2014                                                    /s/ Indira Talwani
                                                                          United States District Judge

---

[2] See Pl.s' Am. Compl. Damages & Injunctive Relief [#31].