UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPRINT SOLUTIONS, INC. and SPRINT    *
COMMUNICATIONS COMPANY L.P.,    *
   *
       Plaintiffs,    *
   *
       v.    *    Civil Action No. 14-cv-10238-IT
   *
JAMESON BLANGIARDO individually    *
and d/b/a MODERN NOBILITY and d/b/a    *
JECTRONICS and 1620 ELECTRONICS    *
CORP.,    *
   *
       Defendants.    *

ORDER

February 20, 2015

TALWANI, D.J.

The parties in this case seek judicial approval of a stipulated [Proposed] Final Judgment and Permanent Injunction Against Defendants 1620 Electronics and Jameson Blangiardo individually and d/b/a Jectronics and d/b/a/ Modern Nobility [#34-1]. The proposed final judgment makes no reference to any stipulation by the parties and instead includes purported findings and conclusions by the court regarding Plaintiffs' trademark rights and Plaintiffs' customers' contractual rights. See, e.g., [Proposed] Final J. & Permanent Inj. Against Def.s ¶ 2 [#34-1] ("The court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark . . . ."); id. ¶ 3 ("The court finds that the Terms and Conditions . . . on the packaging constitute a valid and binding contract enforceable . . . between Sprint and each of its customers."); id. ("The court further finds that the conduct . . . constitutes unfair competition . . . ."). It also permanently enjoins Defendants from engaging in certain behaviors and retains the court's jurisdiction to enforce this injunction indefinitely.

By its Order [#36] of October 22, 2014, the court directed the parties to submit a brief setting forth the court's authority to: (1) enter findings by the court absent a record sufficient to assess the merits of the parties' claims; and (2) "retain jurisdiction to monitor a permanent injunction predicated on legal and factual conclusions that the court has not independently assessed."

On November 18, 2014, the parties filed a Brief re: Jurisdiction to Enforce Permanent Injunction [#39]. This brief set forth authority for the court to adopt a stipulated final judgment and retain jurisdiction over a permanent injunction. The brief did not, however, provide any authority for the proposition that the court should enter the parties' stipulations as the court's own findings and legal conclusions.

Accordingly, the court declines to enter a final judgment which sets forth findings and conclusions *by the court* as opposed to agreed findings and conclusions of the parties.

For the reasons set forth above, it is hereby ordered that, on or before March 12, 2015, the parties shall submit either:

1. A modified proposed stipulated final judgment that does not purport to set forth legal findings and conclusions by the court; or
2. A status report indicating that the case has been otherwise resolved.

IT IS SO ORDERED.

Date: February 20, 2015 /s/ Indira Talwani
United States District Judge