UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br><br> v. <br><br> JAMESON BLANGIARDO individually and d/b/a JECTRONICS and d/b/a MODERN NOBILITY, <br><br> Defendant. | Case No.: 1:14-cv-10238-IT |

## STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS 1620 ELECTRONICS AND JAMESON BLANGIARDO individually and d/b/a JECTRONICS and d/b/a MODERN NOBILITY

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendants 1620 Electronics and Jameson Blangiardo individually and d/b/a Jectronics and d/b/a Modem Nobility ("Blangiardo") (collectively, "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, which Sprint offers under various Sprint brands, including Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's

1

protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint alleges that Defendants perpetrated the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers, and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants. Sprint further alleges that Defendants acquired the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts), but instead, that the Phones are trafficked and the vast majority are resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States) and where the Phones are not as readily available. Sprint asserts that in some cases, Defendants acquired the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked. (According to Sprint, the purpose of this hacking, known as "unlocking," is to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system.) Sprint contends that the illegally unlocked Phones are trafficked and resold as new by Defendants, at a premium, under the Sprint trademarks.

Sprint asserts that its Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones and that those Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Sprint contends that, pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

As a result of Defendants' alleged involvement in the Bulk Handset Trafficking Scheme, Sprint has asserted claims against Defendants for unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(l)(A) and (B), contributory trademark infringement, and conversion.

Based solely on the stipulation and agreement of the parties, and after a hearing in open court, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Amended Complaint.

2. The parties stipulate that Sprint has suffered damages, including loss of goodwill and damage to its reputation. As agreed by the parties, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Amended Complaint.

3. Final judgment is hereby entered against Defendant 1620 Electronics and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Amended Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

4. By agreement of the parties, for all Sprint brands, now and in the future, including but not limited to Sprint, Sprint Prepaid, Virgin Mobile, Boost, PayLo, and Assurance Wireless. Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents,

employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

    b.    supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    c.    engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

    d.    supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones; and

    e.    knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the

future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

5. The purchase, sale or shipment of any Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

6. The address of Defendant James Blangiardo is 50 Rollingwood Lane, Plymouth, Massachusetts 02360.

7. The address of Defendant 1620 Electronics is 50 Rollingwood Lane, Plymouth, Massachusetts 02360.

8. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

9. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs, as stipulated by the parties, in an amount of $5,000 for each Sprint Phone that Defendants are found to have purchased, sold or unlocked in violation of this Injunction.,

10. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 9th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE